1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10  JAMES SHANNON                )   Case No. 2:09-cv-03510-FMC-JWJx
                                 )
11              Plaintiff,       )
                                 )   ORDER TO SHOW CAUSE
12  vs.                          )   RE  SUBJECT  MATTER
                                 )   JURISDICTION
13                               )
    AURORA LOAN SERVICES         )
14  QUALITY LOAN SERVICES,       )
    CORP.; AND DOES 1-10         )
15                               )
                Defendant.       )
16  _____ )

17        This matter is before the Court on Plaintiff James Shannon's Complaint

18  against Aurora Loan Services Quality Loan Services, Corp., filed on May 18, 2009.

19        On May 18, 2009, Plaintiff James Shannon ("Shannon"), appearing *pro se*,[1]

20  filed suit against Defendant Aurora Loan Services Quality Loan Services, Corp.

21  ("Aurora") in the United States District Court for the Central District of California.

22  Shannon's Complaint alleges the taking of real property without ownership papers,

23  and requests the original promissory note.  Shannon also alleges violations by

24  Defendant of Generally Accepted Accounting Principles ("GAAP"), the Real Estate

25  Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the

26  Uniform Commercial Code ("UCC"), and the Fair Debt Collection Practices Act

27
28
          [1]*Pro se* simply means that a party is representing himself, rather than being
    represented by a lawyer.

("FDCPA").  The Complaint also alleges fraud and intent to defraud.  Shannon later adds eleven "Counts Charged" within the Complaint that allege conspiracy, securities fraud, civil rights violations, and others.  (Compl. at 41.)  The Complaint is the only pleading to date.[2]

The United States District Courts are courts of limited jurisdiction.  The Court may only hear cases arising out of federal law ("federal question jurisdiction") or cases between citizens of different states ("diversity jurisdiction").  *See* 15 Moore's Federal Practice §100.20 (Matthew Bender 3d ed. 2004).  Additionally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

Federal Rule of Civil Procedure Rule 8(a) sets out the pleading standard for civil cases in the federal court system.[3]  This rule requires that a complaint contain a "short and plain statement" sufficient to put the opposing party on notice of the claims against which it must defend.  Fed. R. Civ. P. Rule 8(a).  Specifically, Rule 8(a) states:

> [a] pleading which sets forth a claim for relief . . . shall contain (1) a
> short and plain statement of the grounds upon which the court's
> jurisdiction depends . . . (2) a short and plain statement of the claim

---

[2]A pleading is "[a] formal document in which a party to a legal proceeding (esp. a civil lawsuit) sets forth or responds to allegations, claims, denials, or defenses.  In federal civil procedure, the main pleadings are the plaintiff's complaint and the defendant's answer."  Black's Law Dictionary (8th ed. 2004).

[3]The Federal Rules of Civil Procedure are the "rules of the road" for federal civil lawsuits, like this one.  All litigants must read and follow these rules.  In addition to being available at law libraries, the Rules may be found online at http://www.law.cornell.edu/rules/frcp/.

1      showing that the pleader is entitled to relief, and (3) a demand for

2      judgment for the relief the pleader seeks.  Relief in the alternative or of

3      several different types may be demanded.

4    Fed. R. Civ. P. 8(a).  Additionally, each allegation in a pleading "must be simple,

5    concise, and direct."  Fed. R. Civ. P. 8(d)(2).

6          In order to satisfy the standards for federal pleadings, Shannon's Complaint

7    must  include factual allegations of the circumstances and events that support each

8    claim he is asserting against Aurora.  Rule 8 does not require a heightened level of

9    pleading for most claims;[4] but each claim must be supported by facts that, if proven

10   to be true, would satisfy the elements of each claim raised in the Complaint.  To

11   reiterate, Rule 8 requires <u>each</u> allegation in a pleading be simple, concise, and direct,

12   in order for the Defendant to be put on notice as to what the allegations are.  Such

13   a pleading allows the Court to determine if subject matter jurisdiction exists for a

14   proceeding in federal court.

15         Shannon's Complaint does not provide enough information to put Aurora on

16   notice of the nature of Shannon's claims.  Specifically, although Shannon has

17   included lengthy discussions of law and some factual details of the circumstances

18   supporting his claims, his Complaint does not include the required short, clear

19   statement of the factual bases for each of his claims.  As a result, the Court is unable

20   to determine if subject matter jurisdiction exists based on the Complaint.

21   _____

22         [4]Claims of fraud and mistake are subject to a heightened pleading standard.
23   "Rule 9(b) demands that, when averments of fraud are made, the circumstances
     constituting the alleged fraud 'be specific enough to give defendants notice of the
24   particular misconduct . . . so that they can defend against the charge and not just deny
     that they have done anything wrong.' "  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d
25   1097, 1106 (9th Cir. 2003) (quoting *Bly-Magee v. California*, 236 F.3d 1014, 1019
26   (9th Cir. 2001)) (additional quotations omitted).  To meet this standard, the complaint
     must set forth such facts as "the times, dates, places, benefits received, and other
27   details of the alleged fraudulent activity."  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th
28   Cir. 1993).

1    *Pro se* pleadings are held to less stringent standards than those drafted

2    by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  "Courts do and

3    should show a leniency to pro se litigants not enjoyed by those with the

4    benefit of a legal education."  *GJR Investments, Inc. v. County of Escambia*,

5    Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).  However, Shannon's Complaint does not

6    adhere closely enough to the requirements of Rule 8 to put Aurora on notice of the

7    specific claims against it and the factual circumstances in support of those claims.

8    The Complaint is also not sufficient to allow the Court to determine whether it has

9    subject matter jurisdiction over any one or more of Shannon's claims.[5]

10    Therefore, Plaintiff is **ORDERED TO SHOW CAUSE** why his Complaint

11    should not be dismissed for lack of federal subject matter jurisdiction.  Within thirty

12    (30) days of the date of this Order, Plaintiff must file either a brief (a written

13    explanation) or an amended complaint that: (1) identifies the specific federal law on

14    which he bases his claim, and (2) includes clear, concise factual allegations of the

15    circumstances and events that form the basis of his dispute with Defendant.[6]

16    Otherwise, the case will be dismissed.

17    **IT IS SO ORDERED.**

18    Dated: June 3, 2009.

19

20    FLORENCE-MARIE COOPER, JUDGE

21    UNITED STATES DISTRICT COURT

22

23

24    [5] If the Court determines that any one of Shannon's claims raises federal subject
matter jurisdiction, then his other claims may be heard as well if "they form part of

25    the same case or controversy[.]" 28 U.S.C. § 1367(a); *see supra* at 2.

26    [6] Any Amended Complaint must be filed within 30 days of the date of this

27    Order, and it must be served on Aurora. Federal Rule of Civil Procedure 5 governs the
service of an amended pleading  that does not contain new or additional claims against

28    a party that has previously appeared.